NANCY ANN MESSICK, BY HER NEXT FRIEND D. F. MESSICK v. NELL LONG
    SCOTT; KATIE LOUISE HICE, A MINOR; NELL LONG SCOTT, GUARD-
    IAN AD LITEM FOR KATIE LOUISE HICE; WALTER E. MARTIN;
    MARILOU MARTIN, A MINOR, AND ELLEN C. MARTIN, GUARDIAN AD
    LITEM FOR MARILOU MARTIN.

AND

D. F. MESSICK v. NELL LONG SCOTT; KATIE LOUISE HICE, A MINOR;
    NELL LONG SCOTT, GUARDIAN AD LITEM FOR KATIE LOUISE HICE;
    WALTER E. MARTIN; MARILOU MARTIN, A MINOR, AND ELLEN C.
    MARTIN, GUARDIAN AD LITEM FOR MARILOU MARTIN.

(Filed 6 November 1963.)

APPEAL by plaintiffs from *McLaughlin, J.*, 21 January 1963 Session of FORSYTH.

Two civil actions consolidated by consent for trial. The first is an action by Nancy Ann Messick, by her next friend, to recover damages for grievous and permanent injuries allegedly caused by the actionable negligence of all defendants; the second is an action by her father to recover for necessary medical and hospital expenses expended by him for treatment of her injuries allegedly caused by the actionable negligence of all defendants.

About 7:00 p.m. on 27 May 1959 Nancy Ann Messick was a passenger in a Buick automobile owned and maintained by defendant Walter

E. Martin for the general use of members of his family, and driven by his minor daughter, defendant Marilou Martin. Other girls were in the automobile. All of these girls were members of the graduating class of Southwest High School. The Martin car was traveling eastwardly on the Lewisville Road about two miles west of the city limits of Winston-Salem at a speed of about 45 or 50 miles an hour in, according to a stipulation as stated in the charge, a 55 miles per hour speed zone.

The residence of defendant Nell Long Scott is on the south side of the Lewisville Road about two miles west of the city limits of Winston-Salem. About 250 feet west of the straight driveway from the Scott residence to the Road there is a small crest of a hill. The Road slopes downward from the crest to the driveway. The Scott driveway was visible to traffic going eastwardly on Lewisville Road for over 500 feet.

When the Martin automobile approached the vicinity of the Scott driveway, the minor defendant Katie Louise Hice, with her mother, defendant Nell Long Scott, as sole passenger, drove her mother's automobile out of the driveway into the Lewisville Road in front of the approaching Martin automobile. Katie Louise Hice was not a licensed driver. She drove the automobile onto the north side of the Road headed west, turned back across to the south side, and at a point some 50 feet west of the driveway her automobile collided with the Martin automobile. Marilou Martin testified that she never saw the automobile operated by Hice until she was about 250 feet west of the Scott driveway. She further testified the Scott car was completely in the north lane, and then instantly it turned back into her lane of traffic.

The jury found by its verdict that Nancy Ann Messick was injured by the negligence of the defendants Scott and Hice as alleged, that she was not damaged by the negligence of the defendants Martin as alleged, and awarded her damages in the sum of $140,000. The jury answered similar issues as to negligence the same way in D. F. Messick's case, and awarded him damages in the sum of $12,888.49.

From a judgment in each case entered on the verdict in each case, each plaintiff appeals.

*Weston P. Hatfield and C. Edwin Allman, Jr., for plaintiffs.*
*Deal, Hutchins and Minor by Roy L. Deal for defendants Martin.*
*No counsel for defendants Scott and Hice.*

PER CURIAM. Plaintiffs, who have filed a joint brief, by their appeal are seeking a new trial only as against the defendants Martin. All of their assignments of error, except a formal one as to the signing of the judgment, relate to the charge in respect to the second issue in

each case. In each case the second issue reads: "Was the plaintiff damaged by the negligence of the defendants Walter E. Martin and Marilou Martin, a minor, as alleged?" The jury answered the second issue in each case, "No."

The jury, under application of settled and relevant principles of law as stated in the charge, resolved the issue of fact on the second issue in each case against the plaintiff. A careful examination, of their assignments of error discloses no new question or feature requiring extended discussion. Prejudicial error has not been made to appear. The verdict and judgment will be upheld in each case.

No error.